IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DETRA BARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant American Airlines, Inc. ("American Airlines") hereby removes this action from the District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas. The grounds for removal are as follows:

1.      Plaintiff Detra Barrett ("Barrett") filed her Original Petition in the 236th Judicial District Court of Tarrant County, Texas as Cause No. 236-281347-15 on September 29, 2015, alleging employment discrimination under the Texas Labor Code.  (See Original Petition, at Section X.)  On January 12, 2017, Barrett filed a First Amended Petition, in which she asserted for the first time that she sought relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.  (See Amended Pet., at ¶ 19.)

2.      A federal district court has removal jurisdiction in any case where it has original jurisdiction.  See 28 U.S.C. § 1441(a).  A federal district court has original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

---

**DEFENDANT'S NOTICE OF REMOVAL**                                                                 Page 1

3.      The Original Petition was not removable because it did not include any federal causes of action.  Under the "well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears *on the face* of the plaintiff's well-pleaded complaint . . . .'"  Gutierrez v. Flores, 543 F.3d 248, 251-52 (5th Cir. 2008) (emphasis added) (quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008)).

4.      Barrett's Original Petition did not include federal discrimination claims "on the face" of the Petition.  To the contrary, the Prayer for Relief in the Original Petition exclusively referenced Texas' state anti-discrimination statute.  (See Original Petition, at X(1)) (praying "[t]hat this Court adjudge and decree that Defendant has violated Texas Labor Code Ann. 21.051.")

5.      Although the Original Petition referenced the fact that Barrett had filed administrative Charges of Discrimination with both the Texas Workforce Commission and the United States Equal Employment Opportunity Commission, the mere reference in the factual section of a state court pleading to a plaintiff's participation in federal EEOC proceedings is insufficient to plead a federal discrimination cause of action.  See Avila v. City of El Paso, Texas, No. EP-10-CV-481-PRM, 2011 WL 3666596, at *3 (W.D. Tex. Mar. 23, 2011) (no federal discrimination causes of action on the face of the petition despite plaintiff's attachment of an EEOC Charge of Discrimination stating the plaintiff was retaliated against in violation of federal law); Hardin v. Morgan Bldgs. & Spas, Inc., No. CIVA SA-07-CA-388-FB, 2007 WL 2021775, at *2-3 (W.D. Tex. June 26, 2007) (allegation that plaintiff was discriminated against in violation of Title VII was merely a "factual recitation" that identified acts of the defendant that allegedly violated the Texas Labor Code and was not sufficient to give rise to removal jurisdiction); Maheshwari v. Univ. of Texas-Pan Am., 460 F. Supp. 2d 808, 811-12 (S.D. Tex. 2006) (pleading alleging that plaintiff filed claims with Texas Workforce Commission and the EEOC and that he

had fulfilled all conditions precedent to the institution of a lawsuit did not state a claim under federal law and removal after later explicit assertion of federal cause of action was timely); Christiason v. Merit Texas Properties, L.L.C., 393 F. Supp. 2d 435, 438 (N.D. Tex. 2005) (mere reference to Title VII violations in Plaintiff's EEOC charge, which was attached to original petition, was insufficient to pled a federal question); Gardon v. City of El Paso, No. EP-03-CA-110-DB, 2003 WL 21961178, at *2 (W.D. Tex. July 17, 2003) (single reference to an EEOC charge and a "violation of Title VII" in the statement of facts does not give rise to federal jurisdiction); Rodriguez v. Conagra Foods, Inc., No. 4:02-CV-752-A, 2002 WL 31548746, at *2 (N.D. Tex. Nov. 12, 2002) (factual allegation that plaintiff was retaliated against for having filed an EEOC Charge "in violation of Title VII of the Civil Rights Act of 1964" insufficient to plead a federal cause of action where remainder of petition indicated the plaintiff intended to pursue state law claims); cf. Lyles v. Citicorp Credit Servs., Ltd., No. CIV.A.3:97-CV-0599-G, 1997 WL 810027, at *1 (N.D. Tex. Dec. 30, 1997) (finding "irrelevant" to the question of removal the fact that the plaintiff filed an EEOC charge and that her factual allegations could give rise to federal employment discrimination claims when petition did not, in fact, plead federal claims); Mata v. ILD Telecommunications, Inc., No. CIVASA04CA0491-XR, 2004 WL 2238809, at *2 (W.D. Tex. Oct. 4, 2004) (filing claims with the EEOC and receiving a right to sue letter did not suffice to allege a federal cause of action).

6.      Barrett, as the master of her complaint, was free to proceed with her state law causes of action "and bypass federal causes of action in an effort to avoid federal jurisdiction."  KVHP TV Partners, Ltd. v. Channel 12 of Beaumont, Inc., 874 F. Supp. 756, 759 (E.D. Tex. 1995); see also Maheshwari, 460 F. Supp. 2d at 811 ("The well-pleaded complaint rule makes the plaintiff

'the master of the claim,' allowing him to avoid federal jurisdiction by exclusively relying on state law, even where both federal and state remedies are available to him.'").

7.     Because the Original Petition was not removable, the timing of removal in this case is governed by 28 U.S.C. § 1446(b)(3), which requires a defendant to file a notice of removal within thirty days after receipt by the defendant of an amended pleading from which it may first be ascertained that the case is one which is or has become removable.  This Notice of Removal has been timely filed within thirty days of receipt of the First Amended Petition, in which Barrett first asserted a federal cause of action.

8.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon American Airlines in the state court proceeding are attached hereto.

9.     Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Northern District of Texas is the appropriate court for filing a Notice of Removal from the 236th Judicial District Court of Tarrant County, Texas, where the action was originally filed.

10.     Pursuant to Local Rule 81.1, the following documents are attached to this Notice of Removal:

a. An index identifying all documents filed in the state court action and the date the document was filed, attached hereto as Exhibit 1;

    i.  Exhibit 1-A: Plaintiff's Original Petition (filed on September 29, 2015);

    ii.  Exhibit 1-B: Defendant's Original Answer (filed on October 26, 2015);

    iii.  Exhibit 1-C: Sherron Thomas McClain's Unopposed Sworn Motion for Admission Pro Hac Vice (filed on January 4, 2016);

    iv.  Exhibit 1-D: Daniel E. Farrington's Unopposed Sworn Motion for Admission Pro Hac Vice (filed on January 4, 2016);

    v.  Exhibit 1-E: Jacob T. Fain's Sworn Motion in Support of Daniel E. Farrington and Sherron Thomas McClain's Sworn Motion for Admission Pro Hac Vice (filed on January 4, 2016);

vi.   Exhibit 1-F: Order to Appear Pro Hac Vice – Daniel Farrington (filed on January 6, 2016);

vii.   Exhibit 1-G: Order to Appear Pro Hac Vice – Sherron McClain (filed on January 6, 2016);

viii.   Exhibit 1-H: Notice of Change of Address – Daniel Farrington and Sherron McClain (filed on January 11, 2016);

ix.   Exhibit 1-I: Agreed Motion for Entry of Agreed Pretrial Scheduling Order (filed on February 12, 2016);

x.   Exhibit 1-J: Agreed Pretrial Trial Scheduling Order (filed on February 17, 2016);

xi.   Exhibit 1-K: Defendant's Traditional Motion for Summary Judgment (filed on December 6, 2016);

xii.   Exhibit 1-L: Plaintiff's First Amended Petition (filed on January 12, 2017);

xiii.   Exhibit 1-M: Plaintiff's Response to Defendant's Motion for Summary Judgment (filed on January 12, 2017); and

xiv.   Exhibit 1-N: Notice of Withdrawal of Defendant's Traditional Motion for Summary Judgment (filed on January 20, 2017).

b.   Copy of the docket sheet in the state court action, attached hereto as Exhibit 2;

c.   Civil Cover Sheet, attached hereto as Exhibit 3;

d.   Supplemental Civil Cover Sheet, attached hereto as Exhibit 4;

e.   Certificate of Interested Persons, attached hereto as Exhibit 5.

11.   As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the District Court of Tarrant County, Texas.  A true and correct copy of the Notice of Removal to be filed in the state court, without exhibits, is attached hereto as Exhibit 6.

WHEREFORE, Defendant American Airlines, Inc. prays that this Notice of Removal be accepted as sufficient for removal of this action to this Court.

DATED: February 9, 2017                          Respectfully submitted,


                                                 /s/ Michael L. Baum
                                                 Michael L. Baum
                                                 State Bar No. 24006815
                                                 michael.baum@wickphillips.com

                                                 **WICK PHILLIPS GOULD & MARTIN, LLP**
                                                 3131 McKinney, Suite 100
                                                 Dallas, Texas 75204
                                                 Telephone: 214.692.6200
                                                 Facsimile: 214.692.6255

                                                 Zachary C. Farrar
                                                 State Bar No. 24093418
                                                 zachary.farrar@wickphillips.com

                                                 **WICK PHILLIPS GOULD & MARTIN, LLP**
                                                 100 Throckmorton Street, Suite 1500
                                                 Fort Worth, Texas 76102
                                                 Telephone: 817.332.7788
                                                 Facsimile: 817.332.7789

                                                 **ATTORNEYS FOR DEFENDANT
                                                 AMERICAN AIRLINES, INC.**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon all parties and their respective attorneys of record in accordance with the Texas Rules of Civil Procedure, on February 9, 2017.

David Fielding
dfielding@canteyhanger.com
Allison Carroll
acarroll@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
**ATTORNEYS FOR PLAINTIFF**


                                                 /s/ Michael L. Baum
                                                 Michael L. Baum