IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 11 2017

CLERK, U.S. DIS.     COURT
By_____
                    Deputy

DETRA BARRETT,                    §
                                 §
          Plaintiff,             §
                                 §
VS.                              §    NO. 4:17-CV-130-A
                                 §
AMERICAN AIRLINES, INC.,         §
                                 §
          Defendant.             §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of defendant, American
Airlines, Inc., to dismiss. The court, having considered the
motion, the response of plaintiff, Detra Barrett, the record, and
applicable authorities, finds that the motion should be granted.

I.

<u>Underlying Proceedings</u>

Plaintiff was employed by defendant. Doc.[1] 8 at 2, ¶ 4. On
April 11, 2011, she filed a charge of discrimination with the
EEOC and the Texas Workforce Commission, Civil Rights Division,
on the basis of color, sex, and retaliation. On June 20, 2011,
she filed an amended charge, and, in October 2012, she filed
another charge alleging age discrimination and retaliation. Doc.
8 at 4, ¶ 11. On July 7, 2015, the EEOC issued its notice of

---

[1]The "Doc. __" reference is to the number of the item on the docket in this action.

right to sue.[2] Doc. 10 at 004. On August 12, 2015, the Texas Workforce Commission issued its notice of right to file a civil action. Doc. 10 at 008.

On September 29, 2015, plaintiff filed her original petition in the 236th Judicial District Court of Tarrant County, Texas. Doc. 10 at 010-019. Plaintiff alleged that she was discriminated against on the basis of her sex and age and that she was unlawfully retaliated against by defendant. Doc. 10 at 015. Plaintiff sought judgment against defendant "as follows: 1. That this Court adjudge and decree that Defendant has violated Texas Labor Code Ann. 21.051." Doc. 10 a 017.

On December 6, 2016, defendant filed a traditional motion for summary judgment, alleging that plaintiff's claims were barred by limitations because she had not filed her original petition until more than two years after the filing of her administrative complaint. Doc. 5, Ex. 1-K. Instead of filing a response acknowledging that her state claims were barred but that she had also asserted federal claims that were not barred, plaintiff filed, on January 12, 2017, her first amended petition. The amended petition was virtually identical to the original, except that plaintiff added a paragraph to the "discrimination"

---

[2]Although defendant refers to two separate notices of right to sue issued by the EEOC, the documents at Doc. 10, pages 004 and 006 appear to be identical.

section of the pleading to state that she sought relief pursuant to Title VII, and she omitted any reference to the Texas Labor Code. Doc. 5, Ex. 1-L. On February 9, 2017, defendant filed its notice of removal, bringing the action before this court. Doc. 1. Defendant stated that the notice of removal was timely because the January 12 amended petition asserted for the first time that plaintiff sought relief under Title VII. Doc. 1, ¶ 1. Plaintiff did not file a motion to remand.

The court ordered the parties to replead. On March 27, 2017, plaintiff filed her amended complaint asserting claims for sex discrimination and retaliation under Title VII. Doc. 8. In response, defendant filed the motion to dismiss now before the court.

II.

## Ground of the Motion

Defendant alleges that plaintiff's claims must be dismissed because they were not timely filed. Specifically, her Title VII claims cannot relate back to the filing of plaintiff's original petition because the original petition itself was time-barred.

III.

## Applicable Legal Principles

A motion to dismiss may be granted on a statute of limitations defense where the pleadings show that the action is

time-barred. <u>Taylor v. Bailey Tool Mfg. Co.</u>, 744 F.3d 944, 946 (5th Cir. 2014); <u>Jones v. Alcoa, Inc.</u>, 339 F.3d 359, 366 (5th Cir. 2003). Specifically, a Title VII action may be dismissed for plaintiff's failure to file suit within 90 days of receipt of the EEOC's notice of right to sue. <u>Harris v. Boyd Tunica, Inc.</u>, 628 F.3d 237, 239 (5th Cir. 2010).

Whether claims asserted in an amended pleading relate back to an earlier pleading depends upon whether the amendment was filed in state or federal court. When a plaintiff amends her pleading in state court prior to removal to federal court, state court relation-back rules apply. <u>Taylor</u>, 744 F.3d at 947. And, under Texas law, an amended petition does not relate back to the original petition if the earlier pleading was itself untimely. <u>Id.</u>; Tex. Civ. Prac. & Rem. Code § 16.068 (amended and supplemental pleadings relate back only if the original claim was not subject to a plea of limitation).

Pursuant to Texas Labor Code § 21.256, a civil action must be brought within two years of the filing of an administrative complaint or the claim is time-barred. <u>Goss v. City of Houston</u>, 391 S.W.3d 168, 171 (Tex. App.–Houston [1[st] Dist.] 2012, no pet.); <u>Vu v. ExxonMobil Corp.</u>, 98 S.W.3d 318, 320-21 (Tex. App.–Houston [1[st] Dist.] 2003, pet. denied). The limitations period under the statute is mandatory and jurisdictional.

Lottinger v. Shell Oil Co., 143 F. Supp. 2d 743, 753 (S.D. Tex. 2001). The failure of the Texas Workforce Commission to issue a notice of right to sue does not affect the time for filing the lawsuit. Vielma v. Eureka Co., 218 F.3d 458, 463 (5th Cir. 2000); Tex. Labor Code § 21.252(d).

IV.

Analysis

Plaintiff does not dispute that she filed her original petition on September 29, 2015, more than two years after she filed her charges of discrimination. That is, she admits that her state law claim for discrimination was barred. She argues that her Title VII claims are timely because she asserted them in her original petition along with the state law claim. The court might agree, but for the fact that plaintiff chose to limit her original state court petition to the claim under the Texas Labor Code. That was the only basis for any relief she originally sought. Had plaintiff originally included both state and federal claims in her original petition, she would not have needed to amend her pleading in response to defendant's motion for summary judgment. All she would have had to do (if she had really pleaded state and federal claims) was point out that the motion for summary judgment did not address all of the claims she had asserted. And, despite her self-proclaimed magnanimous waiver of

5

objection to the untimely removal of this action, Doc. 11 at 2,
n.1, plaintiff surely would have filed a motion to remand had
defendant had notice of her Title VII claims since September 29,
2015. It appears that such a motion was not filed out of concern
about the Rule 11 ramifications of filing a motion for remand
where the original petition did not include Title VII claims.

As defendant notes, the facts of this case are like those in
Johnson v. Select Energy Servs., L.L.C., No. Civ. A. H-11-3486,
2013 WL 5425115 (S.D. Tex. Sept. 24, 2013), where the plaintiff
specifically sought relief under the Texas Commission on Human
Rights Act, but later contended that he had asserted federal
claims. See also Edwards v. Am Healthways Servs., L.L.C., No. SA-
14-CV-588-XR, 2014 WL 7372955, at *5 (W.D. Tex. Oct. 29,
2014)(where the fact that the plaintiff had not originally
asserted federal claims was made more obvious by the filing of an
amended petition to specifically state that federal claims were
being asserted). And, see Taylor, 744 F.3d at 946-47 (where
plaintiff identified the Texas Commission on Human Rights Act as
the basis for the claims asserted).

This case is unlike Zamora v. GC Servs., L.P., 647 F. App'x
330, 333 (5th Cir. 2016), cited by plaintiff, because in that
case, the plaintiff had not specifically identified either state
or federal law as the basis for his claims. (The same was true in

<u>Hernandez v. Belt Con Constr., Inc.</u>, No. EP-15-CV-00153-FM, 2015 WL 5542502, at *4 (W.D. Tex. Sept. 18, 2015)). In this case, plaintiff very artfully pleaded her original petition in state court so as to prevent defendant from filing a notice of removal. Having chosen to specifically identify the basis for her claims as lying in a violation of state law, she cannot now claim that she really pleaded federal claims as well.

Plaintiff's Title VII claims were not brought within 90 days of her receipt of the EEOC's notice of right to sue. Accordingly, they are time-barred. <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 378-79 (5th Cir. 2002), and defendant's motion to dismiss must be granted.

V.

<u>Order</u>

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims be, and are hereby, dismissed.

SIGNED May 11, 2017.

_____

JOHN McBRYDE

United States District Judge

7